IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| MATTHEM SCOTT BECK,<br><br>    Plaintiff,<br><br>v.<br><br>CENTRAL OF GEORGIA RAILROAD COMPANY,<br><br>    Defendant. | CIVIL ACTION NO. 5:12-CV-257 (MTT) |

# ORDER

This matter is before the Court on the Defendant's Motion to Transfer. (Doc. 12) For the following reasons, the Motion is **DENIED**.

## I.    PROCEDURAL AND FACTUAL BACKGROUND

The Plaintiff brings this action pursuant to the whistleblower provisions of the Federal Railroad Safety Act, 49 U.S.C. § 20109, *et seq*. The Plaintiff contends the Defendant unlawfully retaliated against him for reporting an "on-the-job" injury. (Doc. 14 at 2). The Defendant moves the Court to transfer the case to the United States District Court for the Southern District of Georgia, Augusta Division. (Doc. 12).

## II.    MOTION TO TRANSFER STANDARD

Motions to transfer venue are governed by 28 U.S.C. § 1404(a), which provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Here, both Parties agree that this case could have been brought in the Southern District of Georgia. (Doc. 14 at 4; Doc. 12-1 at 3-4). Next, the Court must

determine whether the action should be transferred for the convenience of the parties and in the interest of justice. In making this determination, the Court is vested with broad discretion. *England v. ITT Thompson Indus., Inc.,* 856 F.2d 1518, 1520 (11th Cir.1988); *Ramsey v. Fox News Network, LLC,* 323 F. Supp. 2d 1352, 1355 (N.D. Ga.2004). The Court can consider several factors, including, the convenience of the parties and witnesses, the location of relevant documents, the locus of operative facts, the relative means of the parties, a forum's familiarity with the governing law, and the weight accorded to the Plaintiff's choice of the forum. *Manuel v. Convergys, Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005); *see e.g. England*, 856 F.2d at 1520. The burden is on the moving party to show that the balance of conveniences weighs in favor of the transfer. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th. Cir. 1989).

### III.    DISCUSSION

The Defendant argues all operative facts took place in "the Nixon Yard" in Augusta, Georgia, and that "it is apparent from [the] Plaintiff's Complaint that this matter properly should be litigated in Augusta." (Doc. 12-1 at 1, 2). The Defendant further contends that the Plaintiff lives in Eastman, Georgia, also located in the Southern District of Georgia and that the Plaintiff's supervisor, an important witness, lives and has his office in Atlanta. (Doc. 12-1 at 2). The Defendant urges the Court not to accord deference to the Plaintiff's forum choice.[1] Last, because the Plaintiff's whistleblower suit is "unrelated to local interests in the Middle District," the Defendant argues that keeping the case in the Middle District "is judicially inefficient, and the public interest … favors transfer." (Doc. 12-1 at 6).

---

[1] Because the Defendant's Motion lacks merit for several other reasons, the Court will not address the merit, or lack thereof, of this contention.

The Plaintiff responds that although Eastman, Georgia is in the Southern District of Georgia, he is significantly closer to the federal courthouse here in Macon than to Augusta.[2] The Plaintiff worked for the Defendant in Macon. Further, the Plaintiff contends that although his injury occurred in Augusta, his lawsuit stems from the Defendant's alleged retaliation for reporting the workplace injury—not the injury itself. Thus, the operative facts are those that took place after the Plaintiff reported the injury. For example, after the Plaintiff reported his injury, the Defendant brought disciplinary charges (that were eventually dismissed) against him, and the hearing regarding those charges was held in Macon. (Doc. 14 at 15).

The Plaintiff further alleges that four of the Defendant's non-party witnesses and two of the Plaintiff's non-party witnesses are all located closer to the courthouse in Macon.[3] Further, some of the Defendant's party witnesses live in Macon. Moreover, the Plaintiff argues that the courthouse in Macon is more convenient for other witnesses based in Atlanta (or those based out-of-state who would have to fly into Atlanta).

The Court agrees with the Plaintiff. Other than the occurrence of the Plaintiff's injury, the Defendant has not put forth any event that took place near Augusta, Georgia. The Defendant's argument that the case should be transferred to the Southern District of Georgia because the Plaintiff resides in the Southern District is unpersuasive. The Plaintiff's doctors, integral witnesses in this action, are located in or around Macon. The hearing that took place following the Plaintiff's report of his injury was in Macon.

---

[2] The Court notes that the Southern District also sits, for now, in both Dublin and Statesboro.

[3] For specifics regarding the mileage between the Plaintiff and various non-party witnesses and the two federal courthouses, see Doc. 14 at 7-9.

Because the Defendant has a business location in Macon, some party witnesses are located in Macon.

It is odd that the Defendant moves the Court to transfer this case to Augusta without identifying one witness who lives closer to Augusta than Macon. The Defendant has not made any showing that a transfer to Augusta would *actually* be more convenient for any party involved. Though some party witnesses live in Atlanta, the Defendant does not—and cannot—argue that it is more convenient or quicker to travel from Atlanta to Augusta, rather than Macon. The Defendant fails to address the Plaintiff's contention that all operative facts for the Plaintiff's whistleblower action occurred in Macon, not Augusta. The Defendant fails to address the fact that the Plaintiff actually worked in Macon, not Augusta. Even more odd is the Defendant's allegations that the Plaintiff is attempting "to select a forum that he believes will be more favorable to his case" and that the Plaintiff is attempting to "forum-shop." (Doc. 17 at 1). In fact—it is quite the opposite—all aspects of this case point to the United States District Court for the Middle District of Georgia located in Macon as the most convenient and proper forum for the Plaintiff's FRSA action.

Further, the Plaintiff contends that "[g]iven the facts and requirements of [Federal Rule of Civil Procedure] 11, it is questionable how [the] Defendant's brief may state to this Court that '*all* of the operative events took place in the Southern District.'" (Doc. 14 at 15 *quoting* Doc. 12-1 at 5) (emphasis in original). Though the Court will not find that the Defendant has violated Rule 11(b), it notes that the Defendant has moved for transfer without any supporting case law or evidence, and instead bases the Motion on

broad unsubstantiated arguments. Accordingly, the Defendant's Motion to Transfer is **DENIED**. (Doc. 12).

  **SO ORDERED**, this 19th day of November, 2012.

           S/ Marc T. Treadwell
           MARC T. TREADWELL, JUDGE
           UNITED STATES DISTRICT COURT